### 13165.  MACK *v.* AUGUSTA BELT RAILWAY COMPANY.

STEPHENS, J.  1. In a suit against a railroad company to recover damages occasioned by the burning of the plaintiff's house, where the petition alleges that the fire was caused by sparks from "an" engine of the defendant, and the petition contains no allegation that the fire was caused by sparks from a specific engine of the defendant, it is permissible to show that it was a common thing for engines of the defendant, in passing near the house of the plaintiff, to emit sparks; thus showing habitual negligence upon the part of the defendant in permitting its engines to emit sparks at the place in question, and making it probable that the plaintiff's damage was caused in the manner alleged; and it was error in such a suit to reject such testimony. Grand Trunk R. Co. *v.* Richardson, 91 U. S. 454 (23 L. ed. 356); Wigmore on Evidence, § 452. See also, in this connection, *Inman* v. *Elberton Air-Line R. Co.,* 90 *Ga.* 663, 666 (16 S. E. 958, 35 Am. St. R. 232).

2. The fact that the plaintiff had given a deed to the property to secure a debt before due constitutes no legal bar to his maintaining a suit against a tort-feasor to recover for a damage to such property. *Ashley* v. *Cook,* 109 *Ga.* 653 (35 S. E. 89).

3. The trial judge having erroneously rejected testimony which, taken in connection with the evidence adduced, would have authorized a verdict for the plaintiff, it was not proper to award a nonsuit.

*Judgment reversed. Jenkins, P. J., concurs.*

DECIDED JULY 24, 1922.

Action for ·damages; from Richmond superior court — Judge
Henry C. Hammond.  November 16, 1921.

*William H. Fleming,* for plaintiff.

*Cumming & Harper,* for defendant.