## 14257.  FENDER *v.* LEE COUNTY.

STEPHENS, J.  1. The constitutional provision prohibiting the taking or damaging of private property for public purposes without just compensation (Civil Code of 1910, § 6388) carries with it by implication the right in the party seeking redress under that provision to bring suit against a county which has damaged his property for public purposes. *Smith* v. *Floyd County*, 85 *Ga.* 420 (11 S. E. 850) ; *Harris County* v. *Brady*, 115 *Ga.* 767 (42 S. E. 71).

2. The gravamen of the action consists of the taking or the damaging of the property, although the public receives no benefit, as a result of the taking

or the damage, provided it was done for public purposes. It follows that where a county, in preparing to lay out a road across private property, cuts down trees on the property, thereby damaging the property, and thereafter abandons the project, and the damage to the property inures to no benefit of the county, the owner of the property may nevertheless recover of the county for the damage thus sustained.

3. This being a suit against a county to recover damages arising as above indicated, and the plaintiff being in possession of the property and having an equitable title therein subject to a deed to secure a debt made to another, the plaintiff has such an interest in the property as will entitle him to maintain a suit for damages thereto. *City of Atlanta* v. *Callaway,* 137 *Ga.* 495 (73 S. E. 736) ; *Mack* v. *Augusta Bell Ry. Co.,* 28 *Ga. App.* 816 (113 S. E. 66).

4. The evidence authorized a recovery for the plaintiff and the court therefore erred in directing a verdict for the defendant.

Judgment reversed. Jenkins, P. J., and Bell, J., concur.

DECIDED FEBRUARY 2, 1924.

Action for damages; from city court of Leesburg—Judge Martin. December 7, 1922.

*Wallis & Fort,* for plaintiff.

*Robert R. Forrester,* for defendant.