16484.  SCOTT *v.* LIFE & CASUALTY INSURANCE COMPANY.

BELL, J.  1. Where a policy of insurance provided that no suit should be brought thereon "until sixty days after the claim thereunder has become due and proof thereof has been duly made" and where, after the claim had become due and proof thereof had been duly submitted, the insurer made an unconditional declaration of non-liability and an absolute refusal to pay, it was not necessary for the insured to postpone action on the policy until the expiration of such period.  Such conduct by the insurer amounted to a waiver of the stipulation as to the time within which it should not be sued.  *Continental Insurance Co.* v. *Wickham,* 110 *Ga.* 129 (2) (35 S. E. 287).

2. The company's "superintendent and general manager" was presumably the alter ego or authorized representative of the company in making such refusal of payment and denial of liability.  *Raleigh & Gaston R. Co.* v. *Pullman Co.,* 122 *Ga.* 700 (4) (50 S. E. 1008); *Corporation of the Royal Exchange Assurance* v. *Franklin,* 158 *Ga.* 644 (3 *b*) (124 S. E. 172).

3. This being a suit on a policy of health insurance, the onus was not upon the insured in the first instance to make proof of her compliance with the condition of the policy that the insurer would have the right at any time to have the insured examined by a physician of its own selection; but if this provision of the policy was breached by the insured, this would be a matter of defense, to be proved by the defendant, unless it affirmatively appeared from the evidence introduced by the insured as plaintiff.  The plaintiff testified: "A white doctor by the name of Dr. Dellinger came over to my home during the time I was sick and wanted to examine me, and I refused to permit him to examine me."  This being all the evidence in the record in regard to the plaintiff's refusal to be examined, and it not appearing that the physician referred to had been selected by the insurer to make the examination or was the company's representative in such matter, and the burden being on the defendant as to that issue, it did not appear that the provision of the policy as to such right of examination had been violated.  *Moody* v. *Amazon Ins. Co.,* 52 Ohio St. 12 (38 N. E. 1011, 26 L. R. A. 313, 49 Am. St. Rep. 699); *Lowenherz* v. *Weil,* 33 *Ga. App.* 760 (3) (127 S. E. 883).

4. Applying the foregoing rulings to the evidence, the court erred in awarding a nonsuit.

*Judgment reversed.  Jenkins, P. J., and Stephens, J., concur.*

DECIDED OCTOBER 19, 1925.

Appeal; from Floyd superior court—Judge Wright.   April 27, 1925.

*Porter & Mebane,* for plaintiff.
*Maddox, Matthews & Owens,* for defendant.