18556. STATEN *et al. v.* GENERAL EXCHANGE INSURANCE CORPORATION OF NEW YORK.

416

DECIDED JULY 13, 1928.

M. C. Tarver, for plaintiffs.

W. M. Sapp, W. E. Mann, for defendants.

BELL, J. B. J. Staten purchased and obtained possession of an automobile from Dalton Automobile and Machinery Company, paying only a part of the purchase-money in cash and executing to the seller a conditional-sale agreement by the terms of which the title was to remain in the seller until the balance of the purchase-money was paid in full. At the instance of some one, the General Exchange Insurance Corporation of New York issued a policy of insurance upon the automobile, in which the following persons were named as the insured: the dealer, the purchaser, and General Motors Acceptance Corporation, "as their interest may appear." Among the perils insured against were "theft, robbery, or pilferage, excepting by any person or persons in the assured's household or in the assured's service or employment, whether the theft, robbery, or pilferage occur during the hours of such service or not, and excepting also the wrongful conversion, embezzlement, or secretion by a mortgagor or vendee in possession under mortgage, conditional sale or lease agreement, and excepting in any case, other than in the case of the theft of the entire automobile described herein, the theft, robbery, or pilferage of tools and repair equipment."

The purchaser, Mr. Staten, claiming that the property was stolen from him and that the circumstances of the theft were such as to render the insurer liable, brought suit upon the policy for the

alleged amount of the loss. In his petition as amended he alleged that the balance of the purchase-money amounted to $288.24, and that he brought the suit not only in his own name, but for the use of Dalton Automobile and Machinery Company and of General Motors Acceptance Corporation, as their interests might appear, the plaintiff not being informed "as to whether the lien aforesaid is the property of either of said corporations or of both of them," but averring, "on information and belief, that it is the property of one or the other, and will take steps to have it produced under proper subpœna upon the trial of this case, so the rights of the respective parties to said contract of insurance may be ascertained." The petition was demurred to generally and specially by the defendant insurer, and, while the demurrers were overruled, no exceptions were taken to that judgment.

The case is here upon exceptions to a judgment of nonsuit.

One of the contentions of counsel for the defendant is in relation to the question of who is entitled to sue in a case of this sort. Whether, as an original proposition, all persons who were named in the policy as the insured and who had or appeared to have an interest therein should have been parties plaintiff in the action, and whether, if this were necessary, the requirement was met in this case, are questions which in our view of the case are not presented for decision at this time. If Staten alone had been named as the insured, it would seem that he, being the person in possession and the equitable owner, would have been entitled to sue solely in his own name, notwithstanding the title to the property may have been vested in another to secure the payment of the balance of the purchase-money. *Brown Store Co.* v. *Chattahoochee Lumber Co.*, 121 *Ga.* 809 (49 S. E. 839); *Emanuel County* v. *Thompson*, 3 *Ga. App.* 225 (59 S. E. 603); *Mack* v. *Augusta &c. Ry. Co.*, 28 *Ga. App.* 816 (113 S. E. 66); *Fender* v. *Lee County*, 31 *Ga. App.* 604 (121 S. E. 843); *Allen* v. *Southern Ry. Co.*, 33 *Ga. App.* 209 (126 S. E. 722); *Brown* v. *West*, 35 *Ga. App.* 444 (2) (133 S. E. 304); *Globe &c. Ins. Co.* v. *Jewell-Loudermilk Co.*, 36 *Ga. App.* 538 (8) (137 S. E. 286); *Bugg* v. *Daley*, 37 *Ga. App.* 645 (141 S. E. 323); and compare *Louisville & Nashville R. Co.* v. *Dickson*, 158 *Ga.* 303 (123 S. E. 12). Assuming that to be true, still the rule might perhaps be otherwise where, as here, the very contract of insurance purports to name not only the condi-

tional vendee but also other persons, to wit: the conditional vendor and the company which was to become the transferee and holder of the purchase-money papers, including the conditional-sale contract. See, in this connection, *Field* v. *Martin*, 49 *Ga.* 268; *Riley* v. *Hicks*, 81 *Ga.* 265 (7 S. E. 173); *Thompson* v. *McDonald*, 84 *Ga.* 5 (2) (10 S. E. 448); *Chicago Cheese Co.* v. *Smith*, 94 *Ga.* 663 (20 S. E. 106); *Phillips* v. *Poole*, 96 *Ga.* 515 (23 S. E. 504); *Tolar* v. *Funderburke*, 21 *Ga. App.* 436 (94 S. E. 592); *Peeples* v. *Aultman*, 25 *Ga. App.* 609 (2) (103 S. E. 808); *Equitable Fire Ins. Co.* v. *Jefferson Standard Life Ins. Co.*, 26 *Ga. App.* 241 (105 S. E. 818); Civil Code (1910), § 5516.

Whatever may be the rule in either of these situations, the question of Staten's right to sue as he did in this case was adjudicated in his favor by the judgment of the court below overruling the general demurrer to the petition, which adjudication, since the judgment is not excepted to, is binding as the law of the case. *Bennett* v. *Simmons*, 30 *Ga. App.* 529, 531 (118 S. E. 493), and cases cited. Besides, the question of whether the suit was brought by the proper parties plaintiff could hardly have been raised by motion for a nonsuit, and, if not, it is immaterial here. The allegations as to parties and their respective interests in the subject-matter were proved as laid, and, so far as these matters were concerned, nothing more was necessary to avoid a nonsuit. "Even though a petition may not set out a cause of action, if the plaintiff proves every fact charged, without at the same time disproving his right to recover by establishing the existence of other undisputed defensive facts which show that he is not entitled to a verdict, it is not proper to award a nonsuit." *Rountree* v. *Seaboard Air-Line Ry. Co.*, 31 *Ga. App.* 231 (120 S. E. 654).

■ There was evidence to authorize the inference that the automobile was stolen as alleged in the petition. It is contended by counsel for the defendant in error that, under the provisions of the policy, it was necessary for the plaintiff to go further and show that the theft was not "by any person or persons in the assured's household or in the assured's service or employment." We think not. The general purpose of the policy was to insure the property against theft, and upon this point a prima facie case was made out merely by proof that the car was stolen, and the burden was then shifted to the defendant to bring the case within any exception of the policy

by reason of which the defendant may have denied liability. *Travelers Ins. Co.* v. *Wyness,* 107 *Ga.* 584 (2) (34 S. E. 113) ; *Empire Life Ins. Co.* v. *Johnson,* 142 *Ga.* 330, 335 (82 S. E. 893, Ann. Cas. 1916 B, 267) ; *Gaynor* v. *Travelers Ins. Co.,* 12 *Ga. App.* 601 (4) (77 S. E. 1072) ; *Newsome* v. *Travelers Ins. Co.,* 19 *Ga. App.* 264 (91 S. E. 441) ; *Scott* v. *Life &c. Ins. Co.,* 34 *Ga. App.* 479 (3) (129 S. E. 903) ; Western Assurance Co. *v.* Mohlman Co., 51 U. S. App. 577 (28 C. C. A. 157, 83 Fed. 811, 40 L. R. A. 561).

The plaintiff having made proof of all the material allegations of his petition, and no defense being disclosed by the evidence adduced, the court erred in granting a nonsuit.

*Judgment reversed. Jenkins, P. J., and Stephens, J., concur.*