36045. WORLD INSURANCE CO. *v.* PUCKETT.

Decided February 16, 1956—Rehearing denied March 5, 1956.

*Gibson & Maddox, M. L. Preston, George E. Maddox,* for plaintiff in error.

*Ronald Adams, George Jordan,* contra.

QUILLIAN, J. The defendant insists that the plaintiff did not receive the injuries "while enroute between the home and the school," but that they were sustained while the plaintiff was at home and the injury did not come within the provisions of the policy. The defendant contends that the "home" refers to the house in which one lives with his family, together with the land upon which it is located, and which is used in connection therewith. The defendant further contends that the word "home" has the above meaning and there could be no other reasonable meaning for "home", and the rule would not apply which holds that, where a word capable of having more than one meaning, the meaning most favorable to the interest of the insured and most unfavorable to the interest of the insurer must be given to it.

We can not agree with the defendant that the word "home" does not have several meanings. In the case of Rhode Island Hospital Trust Co. *v.* Egan, 52 R. I. 384, 161 Atl. 124, 126, in discussing the meaning of the word "home" it was held: "The primary meaning of the word 'home' is the house in which one lives with his family." The above meaning is also one which is given in Webster's New International Dictionary. While another meaning for home in Webster's New International Dictionary is: "One's own dwelling place." Still another meaning given the same word in that dictionary is: "One's native land; the place or county where one dwells."

We conclude that there are several reasonable meanings which can be given the word "home." We are bound in this case to give the meaning to the word which is most favorable to the insured. *Great Eastern Casualty Co.* v. *Blackwelder*, 21 *Ga. App.* 586 (1) (94 S. E. 843).

In the case at bar we must construe the word "home" to mean the house in which the plaintiff was living and not the land which surrounded it. The plaintiff having left her home was enroute to school when she received the injuries, and these injuries came within the provisions of the insurance policy. The trial judge did not err in overruling the motion for a new trial.

*Judgment affirmed. Felton, C. J., and Nichols, J., concur.*