37902.   NATIONAL CASUALTY COMPANY *v.* TANNER,
by Next Friend.

DECIDED OCTOBER 14, 1959—REHEARING DENIED
NOVEMBER 4, 1959.

*Wm. J. Neville, W. G. Neville, Taylor, Edwards & Yancey,* for plaintiff in error.

*Johnston & Ussery, Robert D. Ussery,* contra.

GARDNER, Presiding Judge.   1.   We shall discuss the special grounds first.   Special grounds 1, 2 and 3 are not specifically argued in the briefs of counsel for either party.

Special ground 4 assigns error in that it is contended that the court erred in charging the jury as follows:   "In this case I think I should say this to you, that the ultimate fact to be proven is that the plaintiff was traveling from school to his residence when the accident occurred."   In *Tanner* v. *National Cas. Co.,* 214 *Ga.* 705, 707, 1 (b) (107 S. E. 2d 182), the Supreme Court used *the exact language to which objection is made in this ground.* The testimony of all witnesses leaves no doubt that the injury was

the result of an accident. This special ground is not meritorious.

As to the matter of admission of testimony regarding attorney's fees, the admission of evidence on this issue was not erroneous, under the provisions of Code § 56-706. Under the record of this case, it appears that the correspondence regarding the claim, and other facets of the evidence, indicated that the question of bad faith was a question for the jury, and not a question of law. Therefore the ruling of the court on this point will not be disturbed.

It is only where a verdict is *demanded* that a motion for a judgment notwithstanding the verdict should be granted by a trial court, and this court will not reverse the refusal to grant such motion, unless the verdict is *demanded*.

Did the policy cover the child at the time and place where he was injured? The policy on this point says: "This insurance covers only 'such injuries' sustained by an insured while (1) Attending school during the hours and on the days when school is in session. (2) Traveling to or from the insured's residence and the school for such sessions, coverage being effective not more than one hour before the time school begins and not more than one hour after the insured is dismissed from school. . . ." In *World Ins. Co.* v. *Puckett*, 93 *Ga. App.* 538 (92 S. E. 2d 215), the insured was not actually traveling from her home to school, but was injured while going from her home to the car. The insurer there argued that the insured was not en route to school. This court held that she was actually en route to school, and affirmed the trial court's ruling, thus holding the insurer liable under the policy. It must be kept in mind that an insurance policy is always construed in favor of the insured.

We do not think the *Puckett* case is contrary to what we are holding in this case. In the policy in the instant case the insurance company took the precaution to limit the time of coverage to one hour before school begins and one hour after the child is dismissed from school. There is nothing to indicate that the child must go a straight route, but he or she must get home or to school in the time limitation set out. No other limitation was set out in the policy. We are therefore constrained to hold that the insured was covered under the policy one hour after leaving

school. Such ruling is not enlarging the coverage. The coverage was bought to cover the insured for one hour, in this case after leaving school. We are not inclined to say what future policies might provide, but we do say that the policy here before us left the insured free to choose his route and that he was covered during the period of one hour from the time he was dismissed from school.

The evidence shows that the child did not go *directly* from school to his residence. He was instructed to go, and was en route to his mother's office to get directions as to his next move, and there is nothing in the evidence to indicate that he would not have arrived at his home within the hour during which he was covered.

There is sufficient evidence to sustain the verdict as to the general grounds.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*