44200, 44201. FORSTEIN v. PILOT LIFE INSURANCE COMPANY; and vice versa.

ARGUED JANUARY 7, 1969—DECIDED FEBRUARY 14, 1969— REHEARING DENIED MARCH 4, 1969—

274

*Kaler, Karesh & Rubin, Sanford R. Karesh, J. Ben Shapiro, Jr.,* for appellant.

*Bryan, Carter, Ansley & Smith, Henry M. Quillian, Jr.,* for appellee.

FELTON, Chief Judge. ■ The evidence shows without dispute that the insurance company alone was responsible for the wording of the policy. In such a case it must be construed in favor of the insured if the provisions of the policy in question are ambiguous. At this late date citations of authority for this proposition are superfluous.

The first consideration goes to the question whether the policy definition of the word "home" is ambiguous. All relevant things considered, we think that it is. An inside apartment could be properly described as a home in an insurance policy if stated so to be in unequivocal language. If we assume that the inside premises which were leased in this case are sufficiently described as a home in the policy, does the definition extend to areas owned by the landlord outside the rented premises under the facts in this case? In *World Ins. Co. v. Puckett,* 93 Ga. App. 538 (92 SE2d 215) the policy covered the insured "while enroute between the home and the school." The insurance company contended that the word "home" referred to the house and *the land on which the house was located.* This court held that the house in which the plaintiff lived was "home" and that "home" did not include the land on which the house was situated. See, also, Unger v. Guarantee Reserve Life Ins. Co., 166 Ohio St. 409 (142 NE2d 857). Even if the insurance company in this case wrote or re-wrote its policy to meet the ruling in the *Puckett* case, supra, it is clear that such a policy does not unequivocally refer to an inside apartment under the facts of this case where the tenant has no outside rights except to travel to and from her parked automobile. It is reasonable to say that an insurance

company intended that premises on which a single dwelling stands would constitute a part of the "home." In such a case the owner of the house or a tenant not only rents and controls and is responsible for the house, but also the ground upon which the house stands. It is not nearly as reasonable to define a home as "residence building and its grounds" and thereby endeavor to, without more, intend that a tenant's home includes real estate over which the tenant has no more control than the right to walk to her automobile from the outside of the apartment building and from her automobile to the apartment building. We think that if the insurance company in this case really desires to cover an apartment dweller under its policies it must spell out to the policy buyer the fact that coverage does not begin until the insured leaves the premises of her landlord. The word "residence" has many meanings also, and what the word means in any particular statute or contract depends upon their purpose and the phraseology of the contexts. The meaning in any given situation must be decided upon the particular language of the statute or contract and the circumstances giving rise to the question. As to statutes, see Tyler v. Murray, 57 Md. 418, 441. See, also, Floyd v. Pilot Life Ins. Co. (La. App.), 135 S2d 546, wherein the insured occupied a house as a home and not an apartment.

As to the cross appeal, the terms of the lease were admissible to show the rights of the tenant-insured to throw light on whether in the tenant's circumstances the grounds of the apartment house in which she lived were or were not a part of her home within the meaning of the policy terms.

*The judgment on the main appeal is reversed and the judgment on the cross appeal is affirmed. Pannell and Quillian, JJ., concur.*