## 67463. HARTFORD LIFE INSURANCE COMPANY, INC. v. CRUMBLEY.

Birdsong, Judge.

Hartford appeals the trial court's grant of summary judgment to O. L. Crumbley, Jr., wherein the trial court found and held as follows:

"The sole question in this case is whether the Plaintiff is covered under a group insurance policy.

"The Plaintiff suffered a heart attack in June, 1975. He experienced a second attack in October, 1980. After the first attack, the Plaintiff was continually on apresoline, which the testimony revealed to be a medication to prevent high blood pressure. He was also taking inderal. Medical testimony regarding inderal was to the effect that medical science does not understand exactly how or why it works but the testimony was those people who took inderal after a heart attack would be less likely to suffer another attack, or if they did, it would be less severe.

"The question involved in this case is an interpretation of the provisions of the policy. The Defendant contends that once having a heart attack a person is under a disability from that point on, and that any medication taken to prevent or reduce the severity of another attack amounts to treatment. The Plaintiff contends that the medication he was receiving amounted to preventative measures rather than treatment for a past condition or of a disability. According to the information before the Court, the Plaintiff was able to continue his practice of the law and function normally in every way and was under no restrictions as to his activities. It would have been a simple matter for the insurer to have provided for an exclusion of this type of condition by a slight change of the wording of its policy. This Court concludes that the insurer preferred the broader vague language. This Court concludes that it cannot as a matter of law state that having once had a heart attack, a person is forever theraftter [sic] deemed to have a disability. This Court also concluded that the

taking of the medication was not "treatment" for a condition that was created several years earlier. It having been stipulated to the Court that no questions of fact were involved, the Court concludes that the exclusion in the policy does not apply to the Plaintiff and grants judgment for the Plaintiff in the amount of $7,612.83, plus costs of Court." *Held:*

The insurance policy defines "disability" as "bodily malfunction." The evidence is that after his heart attack in 1975 Mr. Crumbley was able to "function normally in every way and was under no restrictions as to his activities," and that he was treated with drugs continuously after 1975, more perhaps from a "better safe than sorry" medical philosophy than from a distinct medical apprehension that the drugs were necessary to prevent a second malfunction. A major artery of the heart described as the right coronary artery was "100% blocked" as the result of the 1975 heart attack. The physician concluded that Mr. Crumbley's body had developed a collateral system of blood circulation to the heart, but still the drugs were administered because it was deemed necessary or advisable, whether as prevention or treatment, to lower Mr. Crumbley's blood pressure and decrease the heart rate so as to compensate for the diminished functional ability of the heart. The drugs were administered continuously from 1975 until 1980, with frequent physical examinations; two or three episodes of chest pain induced the physician to increase or moderate the drug dosage. The underlying cause of the 1980 attack was not established in evidence.

The insurance policy provides: "Article 5. Disability Commencing Prior to Effective Date of Insurance. No benefits are to be afforded an Insured Person or a Covered Dependent for expenses *incurred in connection with a disability of such person which commences prior to the effective date of such insurance* . . . except that . . . The Hartford shall pay, *in connection with such disability,* benefits not exceeding: . . . (2) the Maximum Benefit with respect to Covered Expenses incurred by such person subsequent to the first to occur of the following dates: (a) the last day of any period of 3 consecutive months ending on or after the effective date of insurance . . . if, during such period, such person does not receive any hospital, surgical or medical treatment, services or supplies; . . . ." (Emphasis supplied.)

There is a fatal flaw in the insurer's case. The threshold question is whether the expenses for this 1980 heart attack were *"incurred in connection with a [prior] disability."* Assuming the insurer's best arguments, that the appellee's 1975 heart attack constituted a "disability" for which he continuously received "treatment" since that date, the insurer has not shown any issue of material fact that the

1980 heart attack was *"incurred in connection with"* the 1975 heart attack, or even with any high blood pressure, angina, or the "ischemic heart disease" or "severe single vessel disease" which he was described as having and which might have been disabilities. We have assiduously examined the expert evidence in the case and analyzed it for all reasonable inferences, and find no place where the physician could, or would, concede that the 1980 heart attack occurred *"in connection with"* the 1975 heart attack, or any prior disability. The expert was fully and competently examined and cross-examined, but Crumbley's 1980 heart attack lies nakedly isolated from the 1975 heart attack (or any other disability), and the drugs he took in connection with such "disability." Though it may conjecturally be opined that there was a connection between the 1975 and 1980 heart attacks, or between Crumbley's prior condition and the 1980 attack, if the medical expert refused to assume it, the law surely will not. The question is entirely medical; in fact, according to the expert's testimony, medical science very often hesitates to say what causes a particular heart attack in a particular case. Without some evidence to support a supposed connection between two illnesses, no fact finder is authorized to infer it. In construing this insurance contract and the issues and evidence in the case, we are governed by the general law that a contract of insurance is construed most strongly against the insurer (*Welch v. Professional Ins. Corp.,* 140 Ga. App. 336 (231 SE2d 103)), particularly where the insurer denies coverage based upon a policy exclusion (*Morrison Assurance Co. v. Armstrong,* 152 Ga. App. 885 (264 SE2d 320)).

Appellee Crumbley made his prima facie case for coverage by showing the expenses incurred by his illness of 1980, independent of a 1975 heart attack. The burden to prove the exclusion then lay with the insurer. *Staten v. Gen. Exchange Ins. Corp.,* 38 Ga. App. 415, 418 (144 SE 53). Giving the Hartford the benefit of every doubt and the advantage of the evidence on Crumbley's motion for summary judgment (Ga. Practice & Procedure (4th ed.) Shulman & Shulman, §§ 9-10, 9-11), Hartford could show no evidence authorizing a finding that the claim for the 1980 heart attack was expense "incurred in connection with" the 1975 heart attack or any other prior disability. This threshold fact obviates the need to determine whether the 1975 heart attack or other condition was a "disability," as defined by the policy or whether drugs were administered for treatment or for prevention. Crumbley having established a prima facie case for coverage, and Hartford being unable to raise any contestable issue of fact that the coverage of the claim was excluded as having been "incurred in connection with" a prior disability, summary judgment to the appellee was proper.

*Judgment affirmed. McMurray, C. J., and Shulman, P. J., concur.*

DECIDED FEBRUARY 15, 1984.

*Joseph H. Chambless, William C. Harris,* for appellant.
*Oscar L. Crumbley, Jr.,* pro se.