75741. ADANA MORTGAGE BANKERS, INC. v. BANKERS INSURANCE SERVICE CORPORATION et al.
(366 SE2d 408)

CARLEY, Judge.

Appellant-plaintiff filed a complaint alleging that his contract of group insurance had been breached by appellee-defendants. Appellees answered and subsequently moved for summary judgment, based upon appellant's asserted failure to initiate his suit within the contractual limitation period purportedly contained in the policy. Appellant appeals from the trial court's grant of summary judgment to appellees.

In support of their motion for summary judgment, appellees relied only upon the language of the "Certificate of Insurance" that had been issued to appellant. Under its own terms, this certificate was "issued solely for the information of the named Assured and follows the terms and conditions of the coverage provided such Assured under [the Policy]. The rights and obligations of the parties are *governed by the terms and conditions of said Policy. . . .*" (Emphasis supplied.) Appellees never introduced a copy of the policy itself and the policy is not otherwise of record. "The law is very clear that '(a) contract of group insurance is made up of the master group policy *and* the certificate, which *must* be construed together. . . .' [Cits.]" (Emphasis supplied.) *Morrison Assur. Co., Inc. v. Armstrong*, 152 Ga. App. 885, 886-887 (264 SE2d 320) (1980). See also *Investor's Nat. Life Ins. Co. v. Norsworthy*, 160 Ga. App. 340 (287 SE2d 66) (1981). Thus, appellees, as movants for summary judgment, relied upon the written provision of a contract of insurance but produced evidence of only a part of that contract. It follows that the trial court erred in granting appel-

lees' motion for summary judgment. Construing the evidence most strongly against appellee, there remained a genuine issue of material fact as to the controlling provisions of the contract. See OCGA § 9-11-56 (c). There is no evidence that the policy contained a limitation provision for bringing suit against appellees or, if it did what its terms were. The very portion of the contract that was offered into evidence explicitly provides that it does not govern the rights and obligations of the parties, but that those rights and obligations are governed by the terms and conditions of the policy which does not appear of record.

*Judgment reversed. Banke, P. J., and Benham, J., concur.*

DECIDED FEBRUARY 25, 1988.

*George R. Dean,* for appellant.
*William H. Hughes, Jr.,* for appellees.