## 77876. UNIVERSAL UNDERWRITERS LIFE INSURANCE COMPANY v. MASON.
(380 SE2d 286)

BANKE, Presiding Judge.

The appellee was disabled by a work-related injury which occurred on June 12, 1986, and thereafter sought disability benefits pursuant to the terms of a credit insurance policy issued by the appellant insurance company. The effective date of the coverage was April 16, 1986. The appellant denied the claim based on an exclusionary clause in the policy pertaining to disability caused by "a pre-existing medical condition for which the insured received medical treatment within the 6 months before the effective date on the certificate and which resulted in disability within the 6 months after the effective date." The appellee then instituted the present action against the appellant to recover the benefits, plus a bad-faith penalty and attorney fees.

The case is before us pursuant to our grant of the appellant's application for an interlocutory appeal from the denial of its motion for summary judgment.

The medical evidence of record establishes without dispute that the appellee injured his back in 1979, that he has received extensive medical treatment since then for chronic back and leg pain caused by a degenerative disc condition, and that he both suffered from such pain and sought medical attention related thereto during the six months prior to the effective date of the insurance coverage. For example, on March 12, 1986, he experienced severe back and leg pain after stepping into a hole at work and was thereafter treated for the pain by several physicians and a chiropractor. Upon examining the appellee after the occurrence of the June 12, 1986, injury, the appellee's own chiropractor concluded that his complaints were not the result of a new injury but of the aggravation of an old injury. *Held*:

The evidence of record establishes without dispute that the appellee's disability was caused by a pre-existing medical condition for which he had received medical treatment within the six months immediately prior to the effective date of the coverage extended by the appellant insurer. It follows that the appellee's claim is not covered under the terms of the insurance contract, with the result that the trial court erred in denying the appellant insurer's motion for summary judgment. Accord *Life & Cas. Ins. Co. of Tenn. v. Crowe*, 147 Ga. App. 629 (249 SE2d 682) (1978).

*Judgment reversed. McMurray, P. J., Birdsong, Sognier and Pope, JJ., concur. Carley, C. J., Deen, P. J., Benham and Beasley, JJ., dissent.*

BEASLEY, Judge, dissenting.

The trial court should be affirmed because there are issues of fact related to whether it was the pre-existing medical condition which resulted in the disability. There is evidence that the immediate cause of the insured's becoming disabled was an on-the-job injury to his back when he was knocked down by a golf cart on June 12. For one thing, his treating chiropractor testified that there was a "very obvious" change and a "tremendous increase in the severity of the condition" following the accident. There is evidence that the disability did not occur merely by a worsening or degeneration of the pre-existing condition. There is evidence that the pre-existing condition was not disabling before the June 12 accident.

The crucial part of the exclusion here is that it only cuts out disability benefits when the pre-existing medical condition for which there has been recent treatment "resulted in disability" within the specified time.

The policy provision is to be construed most strongly against the

insurer. *Welch v. Professional Ins. Corp.*, 140 Ga. App. 336 (231 SE2d 103) (1976); *Hartford Life Ins. Co. v. Crumbley*, 169 Ga. App. 847, 849 (315 SE2d 54) (1984). This applies even more strictly when the insurer denies coverage based on an exclusion. *Morrison Assur. Co. v. Armstrong*, 152 Ga. App. 885, 888 (264 SE2d 320) (1980).

We cannot read into it a broader exclusion, such as that there is no coverage when the pre-existing condition *in part* resulted in the disability or that it *contributed to* the disability, or that a new injury which aggravated a pre-existing condition to the point of disability worked an exclusion. The exclusion is simply stated and does not by its wording cover these circumstances. We must be cognizant that the purpose for which such insurance was issued in the first place was to provide credit benefits if the insured became medically disabled on account of future events.

The burden of the insurer to prove the exclusion, *Staten v. Gen. Exchange Ins. Corp.*, 38 Ga. App. 415, 418 (2) (144 SE 53) (1928); *Livaditis v. Am. Cas. Co.*, 117 Ga. App. 297, 300 (1c) (160 SE2d 449) (1968), and the burden which that insurer has as movant for summary judgment, OCGA § 9-11-56, have not been met as a matter of law.

I am authorized to state that Chief Judge Carley, Presiding Judge Deen, and Judge Benham join in this dissent.

DECIDED FEBRUARY 21, 1989 —
REHEARING DENIED MARCH 13, 1989 —

*Dillard & Landers, Terry A. Dillard, Bryant H. Bower, Jr.*, for appellant.

*Edward E. Boshears*, for appellee.