**STATE FARM FIRE AND CASUALTY INSURANCE COMPANY, Plaintiff,**

**v.**

**Edward L. WHITE, Howard B. Rozell, and Neal Davis, Individually and d/b/a C & R Construction Company and d/b/a Country Aire Apartments, and Willie Barksdale, Individually, Greg Simms and North Georgia Development Partnership, Defendants.**

**No. 4:–90–cv–298–HLM.**

United States District Court, N.D. Georgia, Rome Division.

Sept. 16, 1991.

---

F. Gregory Melton, Matthew Daniel Thames, Kinney Kemp Pickell Sponcler & Joiner, Dalton, Ga., for plaintiff State Farm Fire and Cas. Co.

William Ralph Hill, Jr., Hill & Henry, Lafayette, Ga., for defendant Edward L. White.

William Ralph Hill, Jr., Hill and Henry, Lafayette, Ga., Christopher A. Townley, Amy Elizabeth Abernathy, Office of Christopher A. Townley, Rossville, Ga., for defendants Howard B. Rozell and Neal Davis.

Renzo S. Wiggins, Wiggins Law Office, Ringgold, Ga., for defendant Willie Barksdale.

James Henry Bisson, III, Warren N. Coppedge, Jr., Mitchell Coppedge Wester Bisson & Miller, Dalton, Ga., for defendants Greg Sims and North Georgia Development Partnership.

## ORDER

HAROLD L. MURPHY, District Judge.

This case is before the Court on seven motions for summary judgment filed by the Plaintiff in this action for declaratory judgment. The motions, however, rely on substantially similar legal positions and will therefore be consolidated for the purpose of this Court's discussion.

This action arises out of a companion case pending in this Court and styled *Greg Simms and North Georgia Partnership v. Edward White, et al.*, Civil Action File No. 4:89–cv–306–HLM. In the underlying action Greg Simms and North Georgia Partnership allege that Edward White, Howard Rozell, and Neal Davis, and their various development associations built apartment complexes relying on plans that were written and owned by themselves. Plaintiffs in the underlying action allege that "Defendants are guilty of predicate acts of theft, conversion and/or unjust enrichment from theft and conversion and/or conspiracy to convert to their own use certain architectural and business plans and other intellectual property of the Plaintiff's in that said Defendants jointly and severally have taken and used certain architectural plans, designs, trade dress, and specifications which were and are the property of the Plaintiff and for which the Defendants are liable to the Plaintiffs in conversion, quantum meruit, assumpsit, violation of common law copyright, copyright infringement, and unfair business practices all in violation of State and Federal Law...." Plaintiff's Complaint, *Greg Simms and North Georgia Partnership v. Edward White, et al.*, Civil Action File No. 4:89–cv–306–HLM. Plaintiff in the instant action, through its Motions for summary judgment, seeks a judicial determination that its insurance policies do not provide coverage to the Defendants in the above referenced action.

Plaintiff's argument, presented in basically the same format given that certain of the insurance policies vary in detail, is that the underlying action against the insured sounds in copyright. The insurance policies involved, however, insure only the loss of use of "tangible" property.[1] Plaintiff

---

1. The potentially relevant third party liability coverage, common to all of the subject insurance policies, is as follows:

   "*Coverage L—Business Liability,* the company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, property damage or personal injury caused by an occurrence to which this insurance policy applies."

argues that the architectural plans allegedly converted by the Defendants can only be considered intangible intellectual property and, therefore, the potential loss of use of these plans is not insured.

Plaintiff thus emphasizes the term "tangible" as it modifies the property loss coverage of the relevant insurance policies to conclude that theft or conversion of intellectual property is not within the coverage definitions. By the same token, claims for copyright violations, and unfair business practices are similarly not covered by the relevant insurance policies. Plaintiff contends that it is entitled to a Court order ratifying this position.

Defendants, generally, disagree.[2] None of these Defendants contend that the policy coverage should extend to claims for copyright infringement, however all oppose the grant of summary judgment as to other claims. Defendants argue that the claims for copyright violation are only a portion of the underlying Plaintiff's complaint. Laying aside the issue of copyright violation, Defendants argue that the claims for conversion, assumpsit, and quantum meruit, punitive damages, attorney's fees, and costs are covered by the relevant insurance policies.

Defendants argue that the architectural plans are "tangible" property. Once the "idea" which is validly considered intangible intellectual property has been reduced to physical plans and drawings, Defendants contend, they have assumed a tangible form. Consequently the "loss of use" of these plans is a loss of use of tangible property and, therefore, within the policy definition of "property loss."

The resolution of this dispute revolves around the legal definition of "tangible property," the Georgia common law rules of contract construction, and, ultimately, the role of this Court on summary judgment. According to O.C.G.A. 48–8–2(11), tangible property is "property which may be weighed, measured, felt or touched, or is in any manner perceptible to the senses." Likewise, Blacks Law Dictionary defines tangible property as "that which may be felt or touched, and is necessarily corporeal, although it may either be real or personal." Under these definitions an architectural plan, in its physical form, is obviously tangible, its finite mass lending weight and sensory perception.

Plaintiff argues, nonetheless, that the aspects of the architectural plan which lends its tangible qualities are simply the paper and ink. The value of such a plan, Plaintiff contends, is in the intellectual property which is represented on the paper. Plaintiff points out that under Georgia law, "where the language of a contract is clear and unambiguous, and capable of only one *reasonable* interpretation, no construction is necessary or even permissible." *Stern's Gallery, Inc. v. Corporate Property Investors, Inc.*, 176 Ga.App. 586, 337 S.E.2d 29 (1985) (emphasis supplied). According to the Plaintiff, the term "tangible property," applied to the facts of this case, can only reasonably be interpreted as excluding cov-

---

"*Property damage* means (a) physical injury to or destruction of tangible property which occurs during the policy period including the loss of use thereof at any time resulting therefrom; or (b) loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an occurrence during the policy period."

In the policies which define the term "occurrence" it is defined as:

"*Occurrence* means an accident, including continuous or repeated exposure to conditions, which result in bodily injury, or property damage, neither expected nor intended from the standpoint of the insured...."

**2.** For the purposes of contesting the instant motions for summary judgment the various Defen-

dants have arrayed themselves as follows. Edward White, proceeding individually and d/b/a C & R Construction Company and d/b/a Country–Aire Apartments has opposed all motions for summary judgment. Similarly, Howard Rozell and Neal Davis, Individually and d/b/a C & R Construction and d/b/a Country–Aire Apartments have opposed all motions. Greg Simms and North Georgia Development Partnership have opposed four of the summary judgment motions, specifically those based on policy numbers 91–20–9183–7, 81–35–2108–5, 91–19–5413–0, and 81–39–6641–7. Of special note is opposition filed by Willie Barksdale, a previous Defendant in the underlying action who was dismissed from that action with prejudice.

erage for the loss of use of architectural plans.[3]

Another relevant principle of contract construction, however, is that "a contract of insurance is construed most strongly against the insurer, particularly where the insurer denies coverage based upon a policy exclusion." *State Farm Fire & Casualty Company v. Morgan,* 185 Ga.App. 377, 379, 364 S.E.2d 62 (1987); *See,* e.g. *Hartford Life Insurance Company v. Crumbley,* 169 Ga.App. 847, 315 S.E.2d 54 (1984).

Nonetheless in the view of this Court, the conclusive consideration is this Court's role in deciding the instant motions for summary judgment. Plaintiff's motion for summary judgment seeks to absolve itself of any liability for the loss of use the architectural plans in question on the ground that they are not "tangible" property. Both parties agree, however, that the architectural plans, in the sense of their being printed on paper, meet the legal definition of tangible property. Therefore while the parties may argue about the value of the paper printed plan vis a vis the concept reproduced on the paper, it seems that at least whatever value is assigned to the paper would fall within insurance policy definition of property loss. Accordingly, what remains is a question of fact regarding the relative valuation of the components of a printed architectural plan. Given that this Court is precluded, on a motion for summary judgment, from resolving genuine issues of material fact, Plaintiff's argument on this point must fail.

Perhaps anticipating this result, Plaintiff in its reply brief has requested an entry at least of partial summary judgment as to the issues which have been admitted or not contested. As this Court reads the pleadings, Defendants Greg Simms and North Georgia Partnership have not challenged Plaintiff's position with respect to policy numbers 81–34–7572–0, 91–23–7016–7, and 1–18–0921–1. Moreover, as to the issue of copyright infringement, none of the Defendant's have controverted the Plaintiff's position. In light of the absence of disagreement on these points this Court has no difficulty in granting partial summary judgment.

As to the other issues upon which Plaintiff has intimated that it would appreciate partial summary judgment,[4] this Court is unable to accommodate. Although there is some reference to the claims for punitive damages and attorney's fees, which Plaintiff contends require by definition an exclusionary "intentional act," in the view of this Court, to sever these claims would be premature and unnecessarily complicate the trial. As to the other claims in the underlying complaint, this Court finds no evidence that Plaintiff has attempted to meet its burden on summary judgment and, hence, no obligation on the part of the Defendants to respond has arisen.[5]

Accordingly, based on the above, Plaintiff's seven motions for summary judgment are granted in part and denied in part. As to Defendant's Greg Simms and North Georgia Development Partnership, summary judgment is granted as to policies numbered 81–34–7572–0, 91–23–7016–7,

---

3. Plaintiff points out that no recovery is sought for the loss of the paper on which the plans were printed, rather it is the loss of the "idea" contained on that paper which the Defendants would be seeking under the policies.

4. Plaintiff's reply brief states simply that the Court should inquire into and grant partial summary judgment as to all claims other than the "conversion" claim. To do so would, of course, stretch the judicial function beyond propriety. Plaintiff retains the burden, as moving party on summary judgment, to show the Court that there is absence of any genuine issue of material fact and that summary judgment is proper.

5. Plaintiff has attempted to narrowly characterize Defendant's Responses to its several motions for summary judgment as only contesting the grant of summary judgment as to the conversion claim. This petard aimed at the heart of Defendant's position falls short. Defendant's only burden was to respond to the original motions for summary judgment and show one sufficient reason why summary judgement was improper. Defendant had no obligation to address every possible claim in the underlying complaint in order to preserve its right to oppose summary judgment as to them. Especially where, as here, the original motion for summary judgment was aimed at the whole complaint rather than its components.

and 1–18–0921–1. As to all Defendants, partial summary judgment is granted as to copyright claims. As to all other aspects, Plaintiff's seven motions for summary judgment are denied.

IT IS SO ORDERED.