**John FORWARD, Plaintiff,**

**v.**

**George THOROGOOD, Jeff Simon, and Ronald Smith, Defendants.**

**Civ. A. No. 88–1554–T.**

United States District Court,
D. Massachusetts.

March 21, 1991.

Kenneth M. Goldberg, Lynnfield, Mass., for plaintiff.

Gordon P. Katz, Widett, Slater, & Goldman, Jay Fialkov, Boston, Mass., for defendants.

**MEMORANDUM**

TAURO, District Judge.

## I

### Background

In July 1975, three young musicians, George Thorogood, Jeff Simon, and Ronald Smith (the "band"), caught the ear of John Forward ("Forward"), a music fan and record collector from Cambridge, Massachusetts. Forward immediately tried to interest some friends at a local recording studio, Rounder Records ("Rounder"), in signing the band to a recording contract. As part of this effort, Forward arranged two recording sessions for the band in February and March, 1976. For the past fifteen years, Forward has retained the only tapes of these sessions (the "tapes"). They have never been released to the public.

Since the time of those early recording sessions, the band has gone on to achieve national recognition under the name "George Thorogood and the Destroyers."[1] The band has released a number of extremely successful albums, including "Bad to the Bone" and, most recently, "Boogie People." All have been professionally engineered and produced, and reflect the high quality of the group's music.[2]

In 1988, Forward sought to enter the growing public market for George Thorogood and the Destroyers by copying and releasing the tapes. The band objected. Forward, therefore, brought this action against the band, seeking a declaratory judgment that he is the sole owner of the copyright to the tapes. The band responded by filing a counterclaim for a declaratory judgment that it alone owns the copyright to the tapes, and for a permanent injunction restraining Forward from commercially exploiting the tapes in any way.

[1]. The composition of George Thorogood and the Destroyers has changed since 1976. Two defendants in this case, George Thorogood and Jeff Simon, both founding members, remain with the band.

[2]. This court had the opportunity to appreciate that quality first-hand. The evidence in this case included the presentation of George Thorogood and the Destroyers' music, both on compact discs and in a music video. This court also listened to excerpts of the tapes at issue. They were of relatively primitive quality, in comparison to the band's published work.

## II

### Findings of Fact and Conclusions of Law

After a bench trial, this court makes the following findings of fact and conclusions of law.

■ After the 1976 recording sessions, the band agreed that Forward could retain physical possession of the tapes solely for his personal enjoyment. Neither the band nor any of its members ever conveyed, or agreed to convey, their copyright interest in the tapes to Forward. Neither the band nor any of its members ever entered into any contractual agreement, written or oral, with Forward to produce a record or to release the tapes.[3] Forward's claim to the contrary has no merit.

■ Additionally, Forward contends that he owns the copyright to the tapes because they were works made for hire.[4] The evidence does not support this contention, either. Although Forward did pay for and book studio time to record the tapes, he neither employed the band members nor commissioned them to produce the tapes. In particular, Forward never compensated, or agreed to compensate, any of the band members for their work. The tapes are not, therefore, works made for hire, and Forward has no claim to status as an author on that basis. *See Community for Creative Non–Violence v. Reid,* 490 U.S. 730, 743–44, 109 S.Ct. 2166, 2174–75, 104 L.Ed.2d 811 (explaining interpretations of definitions of "employer" and "works made for hire" under 1909 Act).

■ The evidence also fails to support Forward's claim that he was a joint author of the tapes. Although he arranged for the recording sessions, Forward made no musical or artistic contribution to them. Forward did not prepare the musicians' microphones. He did not serve as the engineer at these sessions. He did not direct the manner in which the songs were played and sung. Forward did request the band to play certain songs from its repertoire. But, the band then played those songs in precisely the same manner that it always played them. The musical and artistic contributions were, therefore, all the band's. Forward's role was essentially that of a very interested and supportive observer. Because Forward provided no significant creative contribution, he cannot qualify as a joint author.

## III

### Conclusion

For all of the aforesaid reasons, this court determines that George Thorogood, Jeff Simon and Ronald Smith own the copyright to the tapes, and that John Forward owns no copyright interest in the them. This court, therefore, permanently enjoins John Forward from any commercial use of the tapes.

---

3. Forward argues that the physical transfer of the tapes carries with it an implied transfer of the copyright. The evidence does not support such an implication in this case, nor does the common law mandate one. *See Baker v. Libbie,* 210 Mass. 599, 97 N.E. 109 (1912).

4. Because the tapes were produced in February and March 1976, the applicable version of the copyright statute is § 62 of the 1909 Copyright Act, 17 U.S.C. § 26 (1976 ed.) (1909 Act).