Robert R. **QUALEY**

v.

The **CARING CENTER OF SLIDELL, et al.**

No. 95–1360.

United States District Court, E.D. Louisiana.

Aug. 16, 1996.

Regel Louis Bisso, J. Ashley Inabnet, Hulse, Nelson & Wanek, New Orleans, LA, for Robert R. Qualey.

William J. Faustermann, Jr., Tommy Wood Thornhill, Tara Lee Farris, Thornhill, Kelley, Farris & Faustermann, Slidell, LA, for Caring Center of Slidell, Inc.

Lloyd R. Walters, Lloyd R. Walters, Slidell, LA, for City of Slidell.

### ORDER AND REASONS

FALLON, District Judge.

Before the Court are the following motions filed by the Caring Center of Slidell, Inc. (the

"Caring Center"): 1) a motion for summary judgment on the issue of plaintiff's entitlement to statutory damages and attorneys fees pursuant to 17 U.S.C. §§ 504(c) and 505; and 2) a motion in limine seeking to strike from the pretrial order plaintiff's claims under Louisiana's Unfair Trade Practices and Consumer Protection Law, La.Rev.Stat.Ann. § 51:1401–1419. The City of Slidell (the "City") has filed motions joining in both of these motions. Also before the Court is a cross motion for summary judgment filed by plaintiff. For the reasons that follow, the defendants' motions for summary judgment are GRANTED IN PART and DENIED IN PART. The motions in limine are GRANTED. Plaintiff's motion for summary judgment is DENIED.

**I. *BACKGROUND:*** On May 1, 1995, plaintiff, architect Robert R. Qualey, filed this action against the Caring Center, the City, Cortech, Inc. ("Cortech"), Consulting Engineers, and Carlos A. Cordon, alleging that the defendants had infringed copyrights that plaintiff allegedly owns in certain technical drawings and architectural works created by plaintiff for construction of a shelter for homeless families. Plaintiff has now settled his claims against Cortech, Consulting Engineers, and Cordon.

In 1991, 1992, and/or 1993, plaintiff prepared and submitted to the Caring Center and/or the City various building plans for the proposed homeless shelter. In July 1993, the City contracted with Cortech to prepare plans and specifications for construction of the shelter in accordance with a floor plan layout furnished to Cortech by the City. Cortech completed the plans in October 1993. On March 25, 1994, the City first advertised the project for public bids. Plaintiff effected the registration of his copyright claims in the works at issue on June 14, 1994 with regard to the technical drawings and on June 17, 1994 with regard to the architectural works.

Plaintiff alleges that the floor plans provided to Cortech were those prepared by plaintiff and that the plans prepared by Cortech, at the direction of the City and/or the Caring Center, were derivative works based upon plaintiff's copyrighted works in violation of 17 U.S.C. § 106(2). Plaintiff also claims that the defendants infringed his copyrights by distributing copies of the allegedly infringing Cortech plans to contractors, subcontractors, plan review rooms, and the Department of Housing and Urban Development, allegedly in violation of 17 U.S.C. § 106(3), and by ultimately constructing the shelter in accordance with the Cortech plans.

**II. *ANALYSIS:***

**A. *Summary Judgment:*** Summary judgment will be granted if the pleadings, depositions, answers to interrogatories, admissions, and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c).

■ The defendants argue that plaintiff is statutorily precluded from recovering statutory damages pursuant to 17 U.S.C. §§ 504(c) or attorneys fees pursuant to 17 U.S.C. § 505. Ordinarily, where infringement of a copyrighted work has been established, the owner may elect 1) actual damages plus "any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages," or 2) statutory damages. 17 U.S.C. § 504(a)–(c) (West 1996). In addition, the Court may, in its discretion, award attorneys fees to the prevailing party. 17 U.S.C. § 505 (West 1996). However, no award for statutory damages or attorneys fees may be made for: "(1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." 17 U.S.C. § 412 (West 1996).

As stated earlier, the effective dates of registration of the copyrights at issue in this case are June 14, 1994 with regard to the technical drawings and June 17, 1994 with regard to the architectural works. Plaintiff's registration application indicated March 25, 1994 as the date of first publication of the drawings. It is not contested that the allegedly infringing plans, which plaintiff claims were prepared by Cortech at the direction of

the City and/or the Caring Center,[1] were completed in October 1993. Thus, when the allegedly infringing Cortech plans were created, plaintiff's works were both unpublished and unregistered. Accordingly, plaintiff now concedes that he is statutorily precluded from recovering statutory damages or attorneys fees for this alleged infringement.

Nevertheless, plaintiff maintains that he is entitled to statutory damages and attorneys fees for other subsequent infringements. With regard to the technical drawings, plaintiff maintains that, although he is precluded from recovering statutory damages or attorneys fees for the preparation of the allegedly infringing Cortech plans, he is not precluded from so recovering with regard to the alleged distribution of copies of the Cortech plans to the public, which plaintiff alleges happened after advertisement for public bids on March 25, 1994 (the alleged "first publication"). This is so, plaintiff argues, because he effected registration within three months of this alleged first publication. This argument is without merit.

In *Mason v. Montgomery Data, Inc.,* 967 F.2d 135 (5th Cir.1992), the Fifth Circuit held that "a plaintiff may not recover an award of statutory damages and attorney's fees for infringements that commenced after registration if the same defendant commenced an infringement of the same work prior to registration." *Id.* at 144. Thus, it would appear to be clear that, because the defendants commenced the first alleged infringement (preparing derivative works) prior to registration and publication, plaintiff is barred from recovering statutory damages or attorneys fees not only for that specific act of infringement, but also for any subsequent infringements of the drawings commenced after registration (or within the three-month period between first publication and registration).

Plaintiff argues, however, that *Mason* is inapplicable here because in this case the first alleged act of infringement, occurring prior to both registration and the alleged first publication, violated a different provision of the Copyright Act than did the act of infringement that allegedly occurred within the three-month window of time between the alleged first publication and registration (distributing copies of the Cortech plans to the public). This argument is entirely contrary to the Fifth Circuit's reasoning in *Mason.*

The *Mason* court based its holding on the legislative history and purpose of § 412 and the language of § 504. Upon examining the legislative history, the Fifth Circuit found that it "reveal[ed] Congress' intent that statutory damages be denied not only for the particular infringement that a defendant commenced before registration, but for all of that defendant's infringements of a work if one of those infringements commenced prior to registration." *Mason,* 967 F.2d at 143. The court found this interpretation of § 412 to be bolstered by the language of § 504, which provides that "the copyright owner may elect ... to recover, instead of actual damages and profits, an award of statutory damages *for all infringements involved in the action with respect to any one work ...* in a sum of not less than $500 or more than $20,000 as the court considers just." 17 U.S.C. § 504(c)(1) (West 1996) (emphasis added); *see Mason,* 967 F.2d at 143. It is well settled "that statutory damages are to be calculated according to the number of works infringed, not the number of infringements." *Mason,* 967 F.2d at 143 n. 11 (quoting *Walt Disney Co. v. Powell,* 897 F.2d 565, 569 (D.C.Cir.1990)). This is so "regardless of whether the acts [of infringement] were separate, isolated, or occurred in a related series." *Mason,* 967 F.2d at 143 n. 11 (quoting H.R.Rep. No. 1476 at 162, *reprinted in* 1976 U.S.C.C.A.N. at 5659, 5778).

The plaintiff concedes that he would be "entitled to only a single award of statutory damages and attorneys' fees arising out of all of the infringements against the 'technical

---

1. In the pretrial order, plaintiff asserts that Carlos Cordon, president of Cortech, was furnished with copies of plaintiff's plans in July 1993, when he "met with Tara Ingram, the City employee in charge of grant funding, Stan Polivick, the Slidell City Engineer, and Dudley Smith, the president of the Caring Center." Plaintiff charges that the

"drawings they furnished to Cordon were photocopies of the design and plans that Qualey had prepared for the Caring Center." Although they "knew the source of the plans," they "blindly participated in a scheme to have Qualey's design copied by Cortech." *See* Pre–Trial Order, pp. 13–14.

drawings' " [2]—even though he maintains that certain of those infringements violate § 106(2), while others violate only 106(3). Yet, plaintiff would have the Court read § 412 as barring statutory damages only where the acts of infringement occurring after registration violate the same subsection of § 106 as did those acts occurring prior to registration. This cannot be the case, for as the *Mason* court explains, "[i]t would be inconsistent to read section 504 to include all of one defendant's infringements of one work within 'an award of statutory damages,' and then read section 412 to treat each infringement separately for purposes of barring that award." *Mason*, 967 F.2d at 144.

Finally, plaintiff's argument, if accepted, would thwart the purpose of § 412, which is to encourage early copyright registration. *See Mason*, 967 F.2d at 144. Clearly, "[t]he threat of [denying statutory damages and attorneys fees] would hardly provide a significant motivation to register early if the owner of the work could obtain those remedies for acts of infringement taking place after a belated registration." *Id.* (quoting *Singh v. Famous Overseas, Inc.*, 680 F.Supp. 533, 536 (E.D.N.Y.1988)).

Accordingly, the Court finds that plaintiff is precluded from recovering statutory damages or attorneys fees for any infringement of the technical drawings that he might prove and that the defendants are entitled to judgment as a matter of law in their favor on that issue.

■ Plaintiff further maintains, however, that even if he is precluded from recovering statutory damages and attorneys fees with regard to his copyright in the plans as a pictorial work under 17 U.S.C. § 102(a)(5), he is not precluded from doing so with regard to his copyright in the design of the shelter, registered as an "architectural work" under 17 U.S.C. § 102(a)(8). This argument hinges on the proposition that plaintiff's copyright in the design of the shelter was not violated by the preparation of the allegedly infringing Cortech plans, but was violated only when the shelter was ultimately con-structed in accordance with the Cortech plans, which allegedly occurred after registration.

. "An 'architectural work' is the design of a building as embodied in any tangible medium of expression, including a building, architectural plans, or drawings." 17 U.S.C. § 101. "The work includes the overall form as well as the arrangement and composition of spaces and elements in the design, but does not include individual standard features." *Id.* According to the record, no building was ever constructed directly from plaintiff's plans. Thus, at least at the time of the alleged infringements, the only tangible medium of expression embodying plaintiff's design was the architectural plans or drawings that plaintiff submitted to the Caring Center and/or the City and that were allegedly given to Cortech to serve as the basis for the allegedly infringing plans. It is difficult, then, for the Court to ascertain how construction of the shelter in accordance with the Cortech plans could infringe plaintiff's copyright in the design without the preparation of the Cortech plans themselves also infringing plaintiff's copyright in the design. Nevertheless, neither of the defendants have addressed this issue in their memoranda. Accordingly, it is impossible for the Court to grant summary judgment in favor of any party on this issue.

■ **B.** *Motion in Limine:* Plaintiff asserts in the pretrial order that, in addition to damages under federal copyright law, he is entitled to treble damages and attorneys fees under Louisiana's Unfair Trade Practices and Consumer Protection Law. La.Rev.Stat. Ann. § 51:1401–1419 (West 1987 & Supp. 1996). Plaintiff made no reference to such a claim in any pleading prior to the pretrial order. Accordingly, the defendants argue that these claims should be stricken from the pretrial order and that plaintiff should not be allowed to proceed with these claims at trial. The Court agrees.

Plaintiff argues that the allegations contained in his complaint, if liberally construed,

2. *See* Plaintiff's Memorandum in Opposition to Motion for Summary Judgment and in Support of Cross Motion, at p. 18.

can be stretched to encompass an Unfair Trade Practice claim. The complaint spells out each alleged act of copyright infringement, together with statutory citations, and specifically prays for statutory damages, injunctive relief, and, in the alternative, actual damages and profits. In addition, the complaint specifically seeks damages for breach of contract. Yet, no mention is made in plaintiff's complaint of any claim under Louisiana's Unfair Trade Practices law. Nor does the complaint contain any allegations of unfair methods of competition or deceptive trade practices by the City or the Caring Center. For more than a year, the defendants proceeded with discovery, motion practice, and trial preparation without any notice that plaintiff intended to seek relief under any cause of action other than copyright infringement and breach of contract. Thus, the Court finds that to allow the plaintiff to proceed with this new claim would unfairly prejudice the defendants. In addition, although addressed by none of the parties, the Court notes that Louisiana unfair trade practices claims have been found by this Court to be "preempted by § 301 of the Federal Copyright Act." *See Perro v. Wemco, Inc.*, No. 94–1863, 1994 WL 382590 (E.D.La. July 19, 1994).

For the foregoing reasons, IT IS ORDERED that: 1) the defendants' motions for summary judgment are hereby GRANTED IN PART, in that plaintiff is precluded from recovering statutory damages or attorneys fees for any infringement of his copyright in "pictorial works," and DENIED IN PART, in that neither defendant has shown that it is entitled to summary judgment in its favor on the issue of statutory damages and attorneys fees with regard to plaintiff's copyright in "architectural works;" 2) the defendants' motions in limine are hereby GRANTED; and 3) plaintiff's cross motion for summary judgment is hereby DENIED.